UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ERIC GARNER,

                      Plaintiff,           **REPORT AND RECOMMENDATION**
                                                      08 CV 222 (CBA)(LB)

    -against-

OFFICER WILLIAM OWENS, et. al.,

                      Defendants.

----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The instant action was referred to me for all pretrial purposes. Plaintiff has been released from Rikers Island and has failed to update the Court with his current address. Copies of the Court's orders sent to the plaintiff have been returned to the Court. The Court has no address other than the one he provided on Rikers Island. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

        On September 19, 2007, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §1983 in the Southern District of New York alleging that on September 1, 2007 Officer Owens stopped and searched him in violation of his civil rights. See docket entry 2. By Order dated December 26, 2007, plaintiff's case was transferred to this Court. See docket entry 4. The Court granted plaintiff's application to proceed *in forma pauperis* on January 16, 2008. See docket entry 6. The copy of the January 16, 2008 Order sent to plaintiff was returned undelivered on January 25, 2008 and marked "Return to Sender. Unable to forward." See docket entry 8.

requested that the Court stay this litigation and order plaintiff to update his address. See docket entry 9. Corp Counsel also informed the Court that it has been unable to contact plaintiff, that the release it sent to plaintiff was returned with a stamp reading "Return to Sender" and that plaintiff's previous parole officer "had no information as to plaintiff's whereabouts." Id. at 1, 2. On March 24, 2008, the Court granted defendant's request for a 60 day stay and ordered plaintiff to update the Court with a current address by May 26, 2008, warning plaintiff that his failure to comply would result in the Court dismissing his case. See docket entry 11. The Court's March 24, 2008 Order was also returned as undeliverable on April 4, 2008 and was marked "Return to Sender." On April 4, 2008, the United States Marshals Service's Process Receipt and Return was returned as undeliverable and marked "Return to Sender." See docket entry 13. Plaintiff has not provided the Court or defendants' counsel with his current address.

## DISCUSSION

When a party changes addresses, it is his or her obligation to notify the Court of the new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only to represented parties but also to *pro se* litigants. See Id., at *1; see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

2

Plaintiff has not contacted the Court or defendant to provide a current address. Nor has plaintiff taken any step to pursue this action since he filed his complaint on September 19, 2007. Plaintiff has apparently abandoned the action. I therefore recommend that the Court dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended that plaintiff's complaint should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 10, 2008
Brooklyn, New York

3